ROBERT L. GRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 9439.   Promulgated April 8, 1948.

*Theodore Siskind, Esq.,* and *Hyman Meyerson, C. P. A.,* for the
petitioner.

*John E. Mahoney, Esq.,* for the respondent.

592

OPINION.

HILL, *Judge*: The first question is whether Mrs. Gray was, for Federal tax purposes, a partner in the firm of Martin H. Ray & Associates. We believe the record in this case supports respondent's position that she was not.

The *Tower* and *Lusthaus* cases[1] determined that for Federal tax purposes a wife may become a partner if she either invests capital originating with her, substantially contributes to the control and management of the business, or otherwise performs vital additional services. The partnership interest claimed for Mrs. Gray was in substance based on an arrangement solely between her and petitioner, since she shared only his partnership interest and the interest of no other partner was affected thereby.

Petitioner does not contend that Mrs. Gray either contributed vital services to or shared substantially in the management of partnership affairs.

It is argued, however, that Mrs. Gray's assignment of securities to the partnership constituted an investment of capital originating with her. Mrs. Gray testified that "if they [the partnership] didn't need the money for any purpose" she expected the securities to be returned to her. It is stated in the assignment that upon dissolution or liquidation of Martin H. Ray & Associates the securities were to be returned to her "in kind" at the values recited in the assignment. During cross-examination, she said the term "in kind" means "the same thing." In fact, in accordance with her wishes the securities and cash were returned to Mrs. Gray on or about November 23, 1940. We are of opinion, therefore, that Mrs. Gray's assignment of securities and cash to the partnership was a loan or temporary arrangement rather than an investment of capital in the partnership venture. Certainly, the assets in question contributed nothing toward producing the partnership income in question.

Moreover, only petitioner's partnership interest was affected by Mrs. Gray's purported contribution of capital and her inclusion as a member of the partnership. His partnership interest was split between petitioner and his wife. Before the assignment petitioner's interest

---

[1] *Commissioner* v. *Tower,* 327 U. S. 280 ; *Lusthaus* v. *Commissioner,* 327 U. S. 293.

was 33¾ per cent; after the assignment it was only 10 per cent. **Mrs. Gray** was given a 21 per cent [2] interest despite the fact that neither her services nor her assignment of assets was in any way responsible for the production of partnership income. As between petitioner and Mrs. Gray, it was petitioner's personal services and professional qualifications that were responsible for the partnership income.

Petitioner contends that if Mrs. Gray's assignment had not been made to the partnership the War Department would have terminated all negotiations with the partnership and that it would not then have been possible for Martin H. Ray & Associates to benefit from the contract subsequently awarded to Todd & Brown, Inc. Mrs. Gray made the assignment of assets at the request of her husband, so that the partnership could show a financial statement to the bonding company and the War Department. O'Malley, one of the partners, testified that, after he was successful in getting the "letter of intent" from the bonding company, the War Department decided the bond was not necessary for awarding the contract to the partnership. However, the proposed contract with the partnership was rejected by the War Department for a reason entirely apart from the consideration of a bond to secure performance or the financial status of the partnership. The reason for such rejection of the proposed contract with the partnership was that it was without experience in large scale operations. The contract in question was awarded to Todd & Brown, Inc., instead of to the partnership. Obviously, the condition of the partnership's financial status was not even considered in the consummation of the contract between the War Department and Todd & Brown, Inc., or the profit-sharing arrangement between the partnership and Todd & Brown, Inc.

In view of the above, we hold that for Federal tax purposes Mrs. Gray was not a bona fide partner in the firm of Martin H. Ray & Associates and that the amount of the partnership income distributed to her is taxable to petitioner.

The second question is whether the $8,000 paid to petitioner in 1941 by Todd & Brown as reimbursement for expenses incurred and paid in connection with his negotiations to secure the Government contract in question represents taxable income to him.

The evidence is clear that petitioner did expend considerable money performing preliminary work with respect to that contract. Respondent contends no expense should be allowed because petitioner has submitted unsatisfactory evidence to support his argument. We disagree. The record shows that during the summer of 1940 petitioner did considerable traveling and spent a great deal of his own funds in

---

[2] The discrepancy of 2¾ per cent could not be explained by petitioner. He testified, however, that only his partnership interest was affected by the transaction involving the assignment of securities.

performing preliminary work connected with procuring the proposed contract with the War Department. He visited various cities throughout the country, interviewing experts in the ammunition field; he looked over several sites proposed for the construction of the plant, which required considerable traveling; and he spent a great deal of time in Washington, D. C., negotiating with the War Department personnel. True, at the same time he was doing work for three other companies, but the evidence shows his principal efforts at this time were directed to tasks connected with procuring the Government contract.

To say that petitioner expended nothing would be inconsistent with the facts of this case. See *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, 542. The fact that Todd & Brown, Inc., allowed petitioner $8,000 as expenses for his preliminary work with respect to the Government contract supports our belief that that figure is a fair estimate of his expenses for that work. We hold, therefore, that such reimbursement did not constitute income to petitioner.

*Decision will be entered under Rule 50.*